UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES D. METZ, JR.,

    Plaintiff,

v.

AT&T PONTIAC MICH., et al.,

    Defendants.
_____/

Case No. 2:18-cv-11183

HONORABLE STEPHEN J. MURPHY, III

### **ORDER DISMISSING THE COMPLAINT AND ENJOINING FILER**

On April 13, 2018, James D. Metz, Jr. filed a pro se complaint against AT&T Pontiac Mich., The (Black) Wheel John, John Doe, Mark K. Lucille, Dr. Pete P., and Pontiac General Hospital. The handwritten complaint claims violations of the Fifth Amendment, Third Amendment, First Amendment, and treaties. ECF 1, PgID 8. The particular treaties to which Plaintiff avers are the "Treaty of Versailles," the France-England Treaty of 1775, the Italy and France Treaty, and German Treaty. *Id.* at 4. Plaintiff's statement of the claim is largely unintelligible but includes claims such as: "AT&T made us all different colors," "[t]here is an invisible knife and invisible gun in the head. Back of the head brain hit." and "Robbed in the air sometimes by the Theory of Relativity (Einstein) scientist by UT and hospital (PGH) Thief." *Id.* at 5. Metz asks the Court to "disconnect Thief Line, invisible gun line, invisible Knife Line and carry a anti-Hertz Line Relay in my pocket in my clothes at the expense of AT&T." *Id.*

Plaintiff's application to proceed in forma pauperis details that Metz has no gross pay or take-home wages. ECF 5, PgID 15. His other sources of income are not intelligible.

1

Although Plaintiff did not provide an affidavit, *see* 28 U.S.C. § 1915(a)(1), the Court will grant Metz's request to proceed in forma pauperis.

After reviewing the complaint, however, the Court finds that the complaint is frivolous and fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court, therefore, will sua sponte dismiss the complaint. *See* 28 U.S.C. § 1915(e)(2) (requiring the court to "dismiss [an in forma pauperis] case at any time if the court" finds certain features exist).

Although pro se-litigant filings are entitled to liberal constructions, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Dismissal of a case is appropriate when the "claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir.1998). A pro se complaint is frivolous when "it lacks an arguable basis either in law or in fact," which includes "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even if Metz's complaint can be said to contain a legal theory, any existent theory is indisputably meritless. Moreover, Metz's claims lack an arguable basis in law and contain factual contentions that are "clearly baseless," "fantastic," and "delusional." *Id.* at 327–28. The Court, therefore, will dismiss Metz's complaint.

Finally, the present lawsuit is not Metz's first in the Eastern District of Michigan. Metz has filed ten previous lawsuits.[1] As with the present lawsuit, Metz's previous cases

---

[1] *See* 2:02-cv-74616, *Metz v. United States Government*; 2:14-cv-10932, *Metz v. The Musical Tune Mele and John Does 1–3*; 2:14-cv-10926, *Metz v. Baptist this Kids, et al.*; 2:14-cv-12422, *Metz v. Frazio Mansour, et al.*; 4:14-cv-10927, *Metz v. Nazi-Line, et al.*; 2:15-cv-11016, *Metz v. UT, et al.*; 2:16-cv-10989, *Metz v. Liberty Mut. Ins. Co. and Pepsi-*

share a combination of features: (1) Metz proceeded (or attempted to proceed) in forma pauperis; (2) the complaints are largely unintelligible, (3) the complaints fail to state jurisdictional bases or claims for relief; and (4) courts summarily dismiss the complaints.

Federal district courts have "authority to enjoin harassing litigation under [their] inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)." *Wrenn v. Vanderbilt Univ. Hosp.*, 50 F.3d 11 (6th Cir. 1995) (Table). When exercising their inherent authority, federal courts may "'impose carefully tailored restrictions' upon 'abusive litigants.'" *Scott v. Bradford*, No. 13-12781, 2014 WL 6675354, at *3 (E.D. Mich. Nov. 25, 2014) (quoting *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986)). The courts may not completely foreclose a plaintiff from initiating an action in a federal court, but the district courts may "require one who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996).

Metz's filing pattern evinces a history of frivolous, in forma pauperis complaints. To safeguard judicial resources, the Court will enjoin Metz from filing in the future except under certain circumstances.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's application to proceed in forma pauperis [5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

*Cola Globe*; 4:16-cv-14000, *Metz v. Archdiocese of Detroit, et al.*; 5:16-cv-10988, *Metz, et al. v. Invisible Blackman, et al.*; and 2:17-cv-13653, *Metz v. Mike Ferro, et al.*

**IT IS FURTHER ORDERED** that James D. Metz or James D. Metz, Jr. is **ENJOINED** and **RESTRAINED** from filing any new complaints in this district without first petitioning for and obtaining leave from the presiding judge of this Court.

**IT IS FURTHER ORDERED** that any future filings by James D. Metz shall be captioned "Application Pursuant to Court Order Seeking Leave to File" and shall be accompanied by a copy of this order. The Clerk's office is directed to reject any filing by Metz that does not comply with these instructions. The district court will review Metz's filings and shall certify whether the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Metz unfiled.

**IT IS FURTHER ORDERED** that the Court certifies that any appeal from this decision would be frivolous and not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken in forma pauperis.

**SO ORDERED.**

                                                                 s/ Stephen J. Murphy, III
                                                                STEPHEN J. MURPHY, III
                                                                United States District Judge

Dated: April 25, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 25, 2018, by electronic and/or ordinary mail.

                                                                 s/ David Parker
                                                                 Case Manager